## No. 8788.

### SUCCESSION OF MEREDITH CALHOUN.

Where the only stipulated condition in an appeal bond is that, if the appellant shall well and, truly pay, or cause to be paid, all such damages as the appellee may sustain in case it should be decided that the appeal was wrongfully obtained, the obligation is to be void, or else to remain in full force and virtue in law; the bond will not be considered as given under the law regulating the form and substance of appeal bonds.

The bond herein furnished is worded as are those required for conservatory writs.

No legal bond having been given, the appeal is dismissed.

APPEAL from the Twelfth District Court, Parish of Rapides. *Bar-bin*, J.

*Robt. P. Hunter* for the Administrator, Appellee:

1. An appeal bond is fatally defective if it does not contain the condition that " appellants shall prosecute the appeal." Art. 579, C. P ; 33 An 421 ; 27 An. 645; 2 An. 1013.
2. The omission of such a condition cannot be supplied by intendment, nor can the surety's liability be extended to it. 3 An. 685; 9 An. 423; 10 An. 155.
3. The condition is material. 2 An. 1013 ; 33 An. 421.
4. Suspensive appeal bond must conform to Arts 575 and 579, C. P.

*Jos. P. Hornor* and *F. W. Baker, contra.*

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The appellee assigns numerous reasons in justification of his motion to dismiss, which are all levelled at the bond furnished by the appellant.

It suffices to consider one of them.

The appeal is taken from a judgment appointing an administrator, and is necessarily devolutive. C. P. 580.

The bond required was then to be furnished under the provisions of Article 579, C. P., which relates to all appeals.

It contains as the condition on which it is signed by the surety, that if the principal " shall well and truly pay, or cause to be paid, all such damages the said * * * administrator may sustain in case it should be decided that the said appeal was wrongfully obtained, then and in such case, the above obligation to be null and void, otherwise to be and remain in full force and virtue in law."

However much it may be claimed that judicial bonds are to be construed with reference to the law under which they are given, and that any clause which is superadded must be rejected, and any that is omitted, supplied, it surely cannot be insisted that where the surety on a judicial bond has bound himself in a particular contingency *only*, he can be held liable in other contingencies. 4 An. 3.

Tested by this general rule, however, the bond in this case is in no

way responsive to the requirements of Article 579 of the Code of Practice, under which it should have been given.

The condition of this bond is that which the Code of Practice requires from litigants invoking conservatory writs for the protection of parties against whom they issued, to pay such damages as may be sustained in case it be decided that the writ was wrongfully obtained. C. P. 214, 276, 304.

The surety in this case has *only* bound himself to pay such damages as the appointed administrator may sustain in case it should be decided that the appeal was wrongfully obtained.

It is difficult to conceive how the contingency provided for can ever arise at all. The surety has not bound himself to pay the costs of the litigation. In the absence of such obligation no recovery could be had against him for the same.

The bond should have been given as prescribed by Article 579, C. P. As it was not framed accordingly, but formulated under different Articles, it is no valid bond in law.

It is, therefore, ordered that the appeal be dismissed with costs in both Courts.